SPRING, J.  The action is upon a merchant's account, commenced by the administrator of Mary E. A. Clark, deceased, who for years carried on a small country store at Point Peninsula, in Jefferson county. The defendant purchased goods on credit of Miss Clark, and the administrator claims the books now show on this account a balance of $207.95.

The books were received in evidence, although there was considerable testimony pro and con over the question whether Miss Clark kept honest accounts.  We are satisfied that there is something unpaid on this account.  It commenced back in 1890, and was carried along on the daybook until it amounted to $109.07 in April, 1894.  A new pass book was then commenced, and this sum was not carried forward on the new book.  On the ledger it was not brought forward, but a new account was commenced.  In March, 1896, the old account was added in on the ledger, and the balance then due was given as $158.14.  The separate items for the ensuing year to April, 1897, are set out on the ledger, and all the charges are then grouped, and the balance carried along.

The defendant impugned only one of these charges against him, and that is a barrel of salt at $1.25.  The items are given, along with the date, for each charge, and apparently the account was carefully kept.  Every payment to which the defendant testified, except one, is found among the credits.  The defendant testified that he paid to the father of the intestate $20 to apply on this account, the date of which he was unable to state, and no credit for that sum appears on the books. While the defendant, in a general way, testified to payments, yet he gave no date or sum, except to those for which he was given credit.

There are errors in the entries on the books, but they are trivial in amount, are palpable, and evidently unintentionally made.  The referee in his opinion states that the defendant "probably * * * owes the plaintiff something," but he is not able to ascertain the amount. It seems to us, on the evidence appearing in the record, the balance can be ascertained and credit given to the defendant for everything to which he is entitled.  The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, on the facts, with costs to the appellant to abide event.  All concur.

---

(118 App. Div. 553)

WOLFORD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.  March 6, 1907.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE.

For a trainman, when he knew the train had not arrived at the station platform, and that it was not time for the passengers to alight, and that the train was liable at any moment to start suddenly while passengers might be obeying his instruction, to throw open the car door, call the station, and say, "All change!" is negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1121.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

A passenger, unused to travel, who, on a trainman throwing open the car door, calling the station, and saying, "All change!" and the train stop-

ping, and other passengers moving, went to the door, with a valise in her hand, and started to get off the train, having hold of the rail with her hand, and who, when on the second step, was thrown by the train starting with a sudden jerk, cannot be held guilty of contributory negligence as matter of law, though she did not notice whether the station platform had been reached.

McLennan, P. J., dissenting.

Appeal from Trial Term, Oneida County.

Action by Isabel Wolford against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Hiscock, Doheny, Williams & Cowie, for appellant.
Wilson & Wortman and T. E. Hancock, for respondent.

WILLIAMS, J.   The judgment and order should be affirmed, with costs. The action is to recover damages for personal injuries, alleged to have resulted from defendant's negligence. The appellant claims there was insufficient evidence upon which to base the findings by the jury of negligence on the part of the defendant and absence of contributory negligence by the plaintiff.

The facts which the jury might find, and upon which they might base their verdict, are as follows: The plaintiff was a married woman, 48 years old, and a farmer's wife. She lived in a part of Onondaga county remote from the city of Syracuse. She had been to Syracuse but twice before the accident, once about six years before, and once about two years before, and on both these occasions some one was with her. At the time of the accident she was alone. She was unused to traveling. She took the train at Weedsport about midday. She sat in the coach, the second seat from the front door. As the train neared the Syracuse station, but before it arrived at the station platform, the place for passengers to get out, the trainman opened the front door of the coach, near where plaintiff sat, and called out "Syracuse!" three times, and said "All change!" and then went into the car ahead. The train stopped. The plaintiff left her seat, went to the door, and started to get off the train. Other passengers were moving also. She had a valise in her hand. She supposed the train had arrived at the place where the passengers were to alight. She went out upon the platform of the car and started down the steps. When she reached the second step, and was about to step down to the third one, the train started suddenly, with a jerk, and threw her to the ground. She used care and caution in going down the steps, having hold of the rail with her hand. The place where she was thrown off was in fact about 150 feet from the station platform. She did not notice that she was not opposite the platform when she attempted to alight. She supposed she was, because of the call and throwing open of the door, and the moving of other passengers, and did not have that in mind, and did not look particularly to ascertain whether she was opposite the station platform or not. She

was seriously injured, and no claim is made that the verdict, $2,000, was excessive.

There was other evidence which, if believed, would have varied these facts somewhat; but the jury was not bound to believe the railroad employés and disbelieve the plaintiff. Upon the facts referred to above, there can be no doubt that the questions of defendant's negligence and the absence of contributory negligence by the plaintiff were properly submitted to the jury. The conduct of the trainman, when he knew the train had not arrived at the station platform and it was not time for the passengers to alight, and that the train was liable at any moment to start suddenly, when passengers might be obeying the instructions he had given them, "All change!" was negligent in the extreme, and was liable to cause injury to passengers not acquainted with the locality and unused to traveling. It might not deceive some passengers, but it was conduct almost certain to cause trouble to such a person as the plaintiff was. And it cannot be said as matter of law that the plaintiff was guilty of contributory negligence. She had a right to travel alone, although inexperienced, and unused to traveling, and unacquainted with railroads and their habits when their trains were approaching Syracuse. Her care and prudence were to be measured, like that of a child, by her degree of intelligence and knowledge of the world and of the ways of railroads.

Judgment and order affirmed, with costs. All concur, except McLENNAN, P. J., who dissents on the ground that the evidence wholly fails to establish actionable negligence on the part of the defendant.